UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                                                          Bankr. No. 19-40377

Lakota, Inc.,                                                                                Chapter 11

Debtor.

**DEBTOR'S MOTION FOR EXPEDITED RELIEF AND FOR ORDER AUTHORIZING PAYMENT OF PRE-PETITION WAGES AND OTHER EMPLOYMENT RELATED OBLIGATIONS**

1. Lakota, Inc. ("Debtor") moves the court for the relief requested below and gives notice of hearing.

2. The court will hold a hearing on this motion at 3:00 p.m. on February 19, 2019 in Courtroom No. 2C at the United States Courthouse, at 316 North Robert Street, St. Paul, Minnesota.

3. Because the Debtor is seeking expedited relief, notice is hereby given that the Debtor will not object to the timeliness of any response that is filed prior to the hearing. UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4. This court has jurisdiction over this motion pursuant to 28 USC §§ 157 and 1334, FRBP 5005 and Local Rule 1070-1. This proceeding is a core proceeding. The petition commencing this chapter 11 case was filed on February 12, 2019. The case is now pending in this court.

5. This motion arises under 11 USC §§ 105, 363, 507, 549, 1107, and 1108 and FRBP 6004. This motion is filed under FRBP 9006 and 9014 and Local Rules 9006-1 and 9013-1 through 9013-3. Movant seeks an order, on an expedited basis, authorizing payment of all

1

accrued and unpaid prepetition employee-related obligations, including compensation, benefits, and workers' compensation obligations.

6. The Debtor remains a debtor in possession under sections 1106 and 1107 of the Bankruptcy Code.

7. No committee of unsecured creditors has been appointed, and no motion for appointment of a trustee or examiner has been filed in this bankruptcy case.

8. Pursuant to sections 363(c)(1) and 503(b)(1)(A) of the Bankruptcy Code, the Debtor seeks authority to pay all accrued and unpaid wages, payroll taxes, withholding obligations, employee benefits, and other employee-related obligations as of the Petition Date (such obligations shall be referred to, collectively, as the "Pre-Petition Employee Obligations").

9. The Debtor is a Minnesota corporation that manufactures custom motorcycles, modifies motorcycles, and services all makes and models of motorcycles under the tradename Badboyscustom Cycles and Storage. In addition to operating a showroom and repair shop, the Debtor also rents indoor storage space for motorcycles, automobiles and trucks, recreational vehicles, boats, and trailers. Finally, the Debtor has a fleet of rental recreational vehicles and trailers.

10. As of the Petition Date, the Debtor had three employees, and had approximately $1,790.00 in accrued and unpaid wages.

11. The Debtor requests authority to pay all Pre-Petition Employee Obligations as and when the same would be payable but for the filing of this bankruptcy case.

12. The claims on which payments made under the authority requested in this Motion are entitled to priority under 11 U.S.C. §507(a)(4) and (5) in their entirety.

13. All payments made under the authority requested in this Motion will be subject to and credited against the priority limitations set forth at section 507(a).

14. But for the filing of this bankruptcy case, all payments made under the authority requested in this Motion, would be made on account of claims incurred in ordinary course of operations.

15. But for the filing of this bankruptcy case, all payments made under the authority requested in this Motion, would be made on account of claims that were not due and payable as of the Petition Date.

16. Failure to pay the Pre-Petition Employee Obligations would have materially adverse effects on the Debtor's ability to maintain its work force, and pose a risk of immediate and irreparable harm to the bankruptcy estate and the Debtor's prospects for reorganization.

17. It is necessary to the Debtor's reorganization efforts that employee relations do not suffer the negative effects that might attend a delay in payment of wages and benefit claims.

18. Even a relatively short delay in payment of the Pre-Petition Employee Obligations could result in impaired worker morale or even the loss of employees that are critical to the Debtor's operations, and the Debtor therefore submits that:

    a) Expedited relief pursuant to FRBP 9006 is warranted; and

    b) There is cause to grant the relief proposed immediately, and to waive the stay under FRBP 6004.

19. Pursuant to Local Rule 9013-2(c), the Debtor gives notice that it may, if necessary, call Natalia Kelly, the Debtor's President and Chief Executive Officer, to testify regarding facts relevant to this Motion. Ms. Kelly's business address is 3033 Campus Drive, Suite W110, Plymouth, MN 55441.

WHEREFORE, the Debtor requests that the Court enter an order: (1) Authorizing the payment of wages and employee benefit claims that had accrued in the pay period that was open as of the Petition Date; and (2) Granting such further and additional relief as the Court deems just and equitable.

Date: February 13, 2019

COZEN O' CONNOR

By: /e/ Joel D. Nesset
Joel D. Nesset (#30475X)
33 South Sixth Street, Suite 3800
Minneapolis, MN 55402
Telephone: 612-260-9000
Fax: 612-260-9080

*Attorneys for Debtor Lakota, Inc.*

## Verification

I, Natalya Kelly, the President of Lakota, Inc., declare under penalty of perjury that the facts alleged in the foregoing motion are true and correct according to the best of my knowledge, information, and belief.

Executed on: February 13, 2019        Signed: *[signature]*
                                      Natalya Kelly

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Bankr. No. 19-40377 |
| Lakota, Inc., | Chapter 11 |
| Debtor. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR EXPEDITED RELIEF AND FOR ORDER AUTHORIZING PAYMENT OF PRE-PETITION WAGES AND OTHER EMPLOYMENT RELATED OBLIGATIONS**

Lakota, Inc. ("Debtor") submits this Memorandum of Law in support of its Motion for Expedited Relief and for Order Authorizing Payment of Pre-Petition Wages and Other Employment-Related Claims ("Motion").

**EXPEDITED RELIEF**

Bankruptcy Rule 9006(d) provides that a written motion and notice of any hearing is to be served not later than seven days before the time specified for such hearing. Local Rule 9006-1(b) directs that moving papers be filed and served by delivery or by mail not later than fourteen days before the hearing date. Bankruptcy Rule 9006(c) provides that the Court, for cause shown, may order a notice period reduced.

The Debtor's employees are critical to ongoing operations, and even a short delay in payment of employment-related obligations may have a significant negative impact on employee morale and relations. In the absence of expedited relief, prospects for reorganization will become considerably less likely. Under these circumstances, the risks to the reorganization constitute a threat of immediate and irreparable harm, and expedited relief is warranted.

1

**PAYMENT OF PRE-PETITION EMPLOYMENT-RELATED OBLIGATIONS**

Section 363 of the Bankruptcy Code provides that a debtor may pay obligations outside of the ordinary course of business only with court approval. While payment of wages and related claims is decidedly an expenditure that falls within the ordinary course of any business, some courts have intimated that post-petition payment of pre-petition obligations is not within the ordinary course of business, and therefore requires court approval. *In re K-Mart Corp.*, 359 F.3d 866, 872 (7th Cir. 2004).

Typically, pre-petition debts will only be paid after a chapter 11 plan has been confirmed. When payment of a particular debt is of critical importance, however, courts have authorized such payments:

> The ability of a Bankruptcy Court to authorize the payment of pre-petition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept. It was first articulated by the United States Supreme Court in *Miltenberger v. Logansport, C. & S.W. R.Co.*, 106 U.S. 286, 1 S.Ct. 140, 27 L.Ed. 117 (1882) and is commonly referred to as either the "doctrine of necessity" or the "necessity of payment" rule. This rule recognizes the existence of the judicial power to authorize a debtor in a reorganization case to pay pre-petition claims where such payment is essential to the continued operation of the debtor.

*In re Ionosphere Clubs, Inc.*, 98 BR 174, 175-76 (Bankr. S.D. N.Y. 1989) (citations omitted).

Payment of wages is quintessentially necessary to the successful operation of any business. Debtors' employees depend on regular income to pay their own costs of living, and any interruption in the timely payment of wages could pose a significant threat to any business. To preserve the value of the enterprise as a going concern therefore, it is essential that there be no delay in paying all employment-related obligations. Especially when one considers that all of the claims that would be paid pursuant to this motion would be entitled to priority pursuant to section 507(a)(4) and (5), there can be no realistic dispute that permitting the Debtor to make the

2

payments according to the regular pay schedule would not prejudice any party in interest, and would in fact redound to the benefit of all.

## CONCLUSION

There being sound reasons to allow the Debtor to immediately pay pre-petition priority wage claims, the Debtor respectfully requests that the Court grant the Motion.

Date: February 13, 2019                    COZEN O' CONNOR

By: /e/ Joel D. Nesset
Joel D. Nesset (#30475X)
33 South Sixth Street, Suite 3800
Minneapolis, MN 55402
Telephone: 612-260-9000
Fax: 612-260-9080

*Attorneys for Debtor Lakota, Inc.*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Case No.: 19-40377 |
| Lakota, Inc., | Chapter 11 |
| Debtor. | |

# PROOF OF SERVICE

Amy E. Kulbeik, an employee of Cozen O'Connor, and in the course of said employment on February 13, 2019, caused the following documents:

1. Debtor's Motion for Expedited Relief and Order Authorizing Use of Cash Collateral; and

2. Debtor's Motion for Expedited Relief and for Order Authorizing Payment of Pre-Petition Wages and Other Employment related Obligations.

to be served on the parties on the attached list by enclosing true and correct copies of same in an envelope, properly addressed and postage prepaid, and depositing same in the United States mail.

Dated:  February 13, 2019                    /s/ Amy E. Kulbeik

LEGAL\39982762\1

# SERVICE LIST

| Connie Huggett<br>11565 88th Avenue N.<br>Maple Grove MN 55369 | Daniel Gray Leland<br>222 S. Ninth Street<br>#2955<br>Minneapolis MN 55402 | First Community Bank<br>P.O. Box 128<br>500 Central Avenue<br>Lester Prairie MN 55354 |
|---|---|---|
| Kensington Bank<br>101 E. 3rd Street<br>P.O. Box 220<br>Cokato MN 55321 | Paper Chase Accounting Inc.<br>3033 Campus Drive<br>Suite W110-A<br>Plymouth MN 55441 | Timothy Wodarck<br>3126 West Edge Blvd.<br>Mound MN 55364 |
| US Bank<br>P.O. Box 790408<br>Saint Louis MO 63179-0408 | Willenbring, Dahl, Wocken & Zimm<br>318 Main Street<br>P.O. Box 417<br>Cold Spring MN 56320 | Lakota, Inc.<br>3033 Campus Drive<br>Suite W110<br>Minneapolis, MN 55441 |
| Internal Revenue Service<br>Centralized Insolvency Operations<br>PO box 7346<br>Philadelphia PA 19101-7346 | MN Dept. of Revenue<br>Attn: Collection Division<br>Bankruptcy Section<br>P.O. Box 64447<br>St. Paul, MN 55164-0447 | US Attorney<br>300 South Fourth Street<br>#600<br>Minneapolis, MN 55415 |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:                                                                                   Bankr. No. 19-40377

    Lakota, Inc.,                                                                   Chapter 11

                              Debtor.

**ORDER AUTHORIZING PAYMENT OF PRE-PETITION WAGES AND OTHER EMPLOYMENT RELATED OBLIGATIONS**

This case came before the court on the debtor's motion for an order authorizing use of cash collateral. Based on the arguments of counsel and all the files, records, and proceedings,

**IT IS ORDERED:**

1. The Motion is granted, including the request for expedited relief.

2. The Debtor is authorized to pay all accrued and unpaid wages, payroll taxes, withholding obligations, employee benefits, and other employee-related obligations as of the Petition Date.

3. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

4. This Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

Dated:

                                                                                           _____
                                                                                           Katherine A. Constantine
                                                                                           United States Bankruptcy Judge